UNITED STATES DISTRICT COURT
Central District of Illinois, Springfield

Steven F. Kellmann #R05559,
  Plaintiff

vs

John R. Baldwin,
Sarah Johnson,
Cameron M. Watson
Michael M. Garrett,
John Does 1-3
  Defendants

Case No. _____
Hon.

Civil Rights Complaint pursuant to 42 U.S.C. §1983

SCANNED AT MENARD and E-mailed
9-25-18  by PS  36 pages
date     initials  No.

## JURISDICTION

Plaintiff:
  Steven F. Kellmann #R05559, a prisoner in Illinois Dept. of Corrections, in Menard.
  P.O. Box 1000
  Menard, IL. 62259-0100

PAGE 1

Defendants:

#1   Defendant John R. Baldwin is employed as Acting Director for the Illinois Dept. of Corrections in Springfield.
1301 Concordia Ct.
Springfield, IL   62794

#2   Defendant Sarah Johnson is employed as a member of the Administrative Review Board for the Illinois Dept. of Corrections in Springfield.
1301 Concordia Ct.
Springfield, IL   62794

#3   Defendant Cameron M. Watson is employed as the Chief Administrative Officer (Warden) for Western IL. Correctional Center by the Illinois

PAGE 2

Dept. of Corrections in Mt. Sterling.
2500 Route 99 South
Mt. Sterling, IL 62353

#4 Defendant Michael M. Garrett is employed as a correctional officer sergeant for Western IL Correctional Center by the Illinois Dept. of Corrections in Mt. Sterling.
2500 Route 99 South
Mt. Sterling, IL 62353

#5-7 Defendants John Doe 1 through 3 are employed as correctional officers for Western IL Correctional Center in Mt. Sterling.
2500 Route 99 South
Mt. Sterling, IL 62353

Defendants were as above listed at the time this complaint arose.

## PREVIOUS LAWSUITS

1. Parties to previous lawsuits:
   Plaintiff: Steven F. Kellmann #R05559

   Defendants: Quentin Tanner; Steven Keim

2. Court:
   Northern District of Illinois, Eastern Division

3. Docket Number:
   1:14-cv-8322

4. Judge/Magistrate:
   Hon. Virginia
   Hon. Mary Rowland

5. Type of case:
   Civil Rights Action 42 U.S.C. §1983

6. Disposition:
   Settlement

PAGE 4

7. Approximate date of filing:
   October 2014

8. Approximate date of disposition:
   June 2016

9. The case was not dismissed nor was any strike awarded.

### GRIEVANCE PROCEDURE

A. There is a grievance procedure available.

B. Facts of the complaint were set forth in the grievances filed.

C. The grievances were filed directly to the Administrative Review Board in Springfield as per instructions on FORM DOC 0046, since incident occurred at a different prison other than the present.

C. The result was defendant Sarah Johnson denied grievance saying allegations were found to be unsubstantiated. Defendant John R. Baldwin concurred.

## STATEMENT OF CLAIM

On February 23, 2017, the plaintiff, Steven F. Kellmann #R05559, was an inmate at the Western IL Correctional Center in Mt. Sterling, Illinois.

While residing in housing unit R-1-B the plaintiff had a verbal altercation with an unknown female correctional officer.

Plaintiff was told to produce his state-issued ID card and refused.

Then defendant Sgt. Michael M. Garrett and possibly one of the John Doe defendants entered the housing unit, assessed the goings-on and duly ordered Plaintiff to turn around

PAGE 6

so handcuffs could be applied.

Plaintiff refused saying, "I'm not cuffing up for shit until I see a counselor," and assumed a right-handed boxer's stance.

Defendant Garrett immediately sprayed the plaintiff with O.C. spray (— mace, pepper spray and a nerve agent, on information and belief—) to gain control of the situation.

Plaintiff grabbed a plastic chair to use as a shield only because he was now blinded, incapacitated and surrounded by at least four correctional officers.

When defendant Garrett ordered Plaintiff to put the chair down the plaintiff said, "Okay. Stop spraying me. I'm sorry! It was over before it started." Defendant Garrett desisted and the plaintiff set the chair down.

A female officer gently escorted Plaintiff to the ground. The remaining officers quickly converged upon the plaintiff to aggressively apply the handcuffs by kneeling on Plaintiff's neck and back. (The preceeding testimony is verified in part by Exhibit A)

PAGE 7

Plaintiff, still blinded by the O.C. spray, apologized profusely. He was made to stand up, told to "shut up" and was rushed out of the housing unit to be taken to segregation.

Due to very limited vision Plaintiff is without knowledge to how many officers/defendants escorted him the approximate 100 yds to the segregation building.

Due to being transferred and grievance relief being denied Plaintiff does not have names for the three perpetrators of the following attack, John Does 1 through 3.

En route to segregation the defendants Doe taunted, insulted and threatened the Plaintiff.

At the entryway of the segregation building Plaintiff was deliberately pushed to the concrete ground. There the beating commenced.

Defendants Doe kicked, stomped on and punched on and/or about Plaintiff's head and neck and torso while the plaintiff was handcuffed and face-down.

Plaintiff was begging and pleading and crying for the defendants to stop.

PAGE 8

The defendants kept on beating while insulting and taunting the plaintiff.

Plaintiff screamed, "Stop! You broke my nose! Please, I'm sorry." The kicks continued.

Plaintiff felt teeth break, his maxilla and other facial bones shatter. The kicks continued.

When Defendants Doe stopped they lifted the plaintiff to his feet and escorted him into the segregation unit, pushing Plaintiff's face into four separate steel door jambs saying each time, "Oops. Watch your step," in a taunting manner.

Plaintiff was forced to take a scalding hot shower to eliminate some of the blood and O.C. spray before a nurse came to examine him.

The plaintiff was sent to the Health Care Unit to be better examined and possibly treated.

While in the Health Care Unit a man, self-described as a lieutenant with Internal Affairs asked Plaintiff what happened. Out of utter fear and desperation the plaintiff said only, "I fell."

The IA lieutenant then began asking leading,

incongruent questions, for example, "So the O.C. spray was slippery causing you to fall on your face?"

The decision was made to transport Plaintiff to a hospital. And approximately an hour later while in a van in front of the prison waiting to leave to the hospital, an officer, possibly one of the Doe defendants, opened the door of the transport vehicle saying, "Oooh, I can't wait until you come back", in a threatening tone.

At hospital the first, Culbertson Hospital, Rushville, Illinois, the plaintiff stuck to the I fell story out of fear of death by more beatings.

Then sent to St. John's Hospital, Springfield, Illinois, the plaintiff told the Ear, Nose, Throat doctor, Ms. Alexa Castellano, he fell to cause the injuries. Her response was, "This type of great facial trauma cannot be produced by a fall."

Plaintiff was told he'd need reconstructive surgery. The recognized facial fractures include bilateral nasal bone fractures; left nasolacrimal canal fracture; orbital rim/inferior orbital plate fractures bilaterally; fractures extending through the medial, lateral, inferior, and

PAGE 10

anterior walls of the Maxillary sinuses bilaterally; bilateral pterygoid plate fractures; plus hemorrhage and layering fluid throughout. (See Exhibit E)

On February 24, 2017, Plaintiff was returned to Western IL Correctional Center to await surgery. This scared the plaintiff to the point he barely slept nor ate until he got out of surgery on February 28, 2017.

The morning of the surgery, Monday, February 27, 2017, the plaintiff was at St. John's Hospital moments away from being administered a general anasthetic when a purported External Investigator with the Illinois Dept. of Corrections shows up and wants to question Plaintiff.

Plaintiff asks this investigator to return after the surgical procedure. This investigator never returned.

Hours after surgery the Plaintiff was shipped to the infirmary at Pontiac Correctional Center.

On or about March 19, 2017, Plaintiff is finally able to file the first of two grievances. The second being on or about April 17, 2017. In the relief requested section, the Plaintiff requested all evidence including video and reports be preserved and all defendants names to be

PAGE 11

revealed. (See Exhibits B1 and B2)

Plaintiff was required to and did file the grievances directly with the Administrative Review Board (ARB) in Springfield.

The ARB's Sarah Johnson, a defendant, responded on May 3, 2017, that "Based on a total review of all available information, it is recommended the grievance[s] be denied."

By concurring and signing, Acting Director, John R. Baldwin, became a co-conspirator and a defendant. (See Exhibit C)

The ARB's Defendant Johnson and Defendant Baldwin failed to recognize the blatant unlawful corporal punishment, the intentional infliction of emotional distress, the willful misconduct, the negligence and the multiple failed duties of reasonable care by the officers and administrators at Western IL Correctional Center.

Plaintiff now suffers trigeminal neuralgia predicated on broken facial bones and subsequent surgery. Plaintiff now has titanium plates permanently on his facial bones. Plaintiff had a tooth (#23 or 24) broken, a tooth (#9) impacted, and

PAGE 12

a tooth (#20) loosened by the assault. Due to this Plaintiff has trouble eating and drinking.

Plaintiff suffers pain in his right elbow.

Plaintiff suffers post-traumatic stress disorder that manifests as anxiety, depression, nightmares, fear of confrontation, reclusion and neurosis.

## CLAIMS FOR RELIEF

The actions of defendants Garrett, Does 1-3, in using physical force against the plaintiff without need or provocation, or in failing to intervene to prevent the misuse of force, were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

The actions of defendants Garrett, Does 1-3, in using physical force against the plaintiff without need or provocation constituted the tort of assault and battery and attempted murder under the law of Illinois Compiled Statutes.

PAGE 13

The failure of defendants Baldwin, Johnson and Watson to take disciplinary or other action to curb the known pattern of physical abuse of inmates by defendants Garrett, Does 1-3, constituted deliberate indifference to the plaintiff, and other prisoners safety, and contributed to and proximately caused the defendants' above-described violation of Eighth Amendment rights and assault and battery and attempted murder.

The actions of defendants Garrett, Does 1-3, in willfully conducting corporal punishment on the plaintiff while plaintiff was handcuffed and not resisting nor yet adjudicated for an infraction or crime constitutes a violation of Sixth and Seventh Amendments of the United States Constitution.

The actions of defendants Baldwin and Johnson to summarily deny plaintiff's grievance constitutes a violation of plaintiff's right to petition the Government for a redress of grievances in violation

PAGE 14

of the First Amendment of the United States Constitution.

## REQUEST FOR RELIEF

The plaintiff requests that the court grant the following relief: Issue a declaratory judgement stating that the defendants violated the plaintiff's rights under the First, Sixth, Seventh and Eighth Amendments of the United States Constitution and constituted an assault and battery and attempted murder under the state law and Illinois Compiled Statutes;

Award $1,000,000.00 in compensatory damages jointly and severally against the defendants Garrett, Does 1-3 for the physical and emotional injuries sustained as a result of their malicious and sadistic beating of plaintiff; and defendants Baldwin, Johnson, and Watson for their deliberate indifference and inherent complicitness;

Award $1,000,000.00 in punitive damages against defendants Baldwin, Johnson, Watson, Garrett, Does 1-3.

Grant any such other relief as it may appear the plaintiff is entitled.

## JURY DEMAND

The plaintiff does request a trial by jury.

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Signed on: 18 September 2018

        *StFKl*
        Steven F. Kellmann #R05559
        Pro Se
        P.O. Box 1000
        Menard, Illinois
        62259-0100